## Doc Bryant v. The State.

### No. 170.   Decided November 17, 1909.

**Embezzlement—Bailment—Insufficiency of the Evidence.**

Where, upon trial for embezzlement of a horse, the evidence showed that the defendant received a horse from prosecutor and placed him in a pasture, and that he was either to return him or pay for him; that the horse remained in the pasture for some time to recuperate in flesh and strength until some time after he was recovered by the prosecutor, etc., the same was insufficient to sustain a conviction.

Appeal from the District Court of Jackson.   Tried below before the Hon. James C. Wilson.

Appeal from a conviction of embezzlement of a horse; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged with the embezzlement of a horse. The indictment charges that the horse was bailed to appellant by J. N. Whitely; that the horse was the property. of Whitely and came into appellant's possession and was under his care by virtue of his said agency and employment as bailee aforesaid, and that he subsequently fraudulently appropriated the property. The evidence shows, in substance, that Whitely had a horse that was old and poor and desired to sell it to appellant. Whitely's account of the transaction is about as follows: That appellant came to his house and, after some conversation in regard to other matters, finally led up to the horse trade; that appellant bought the horse from him on condition that the horse would work, that he, Whitely, told appellant that he did not know whether the horse would work or not, but gave appellant permission to take the horse off and try him, and that he was either to return the horse the evening of the same day or pay him $10, the price agreed upon; that appellant took the horse away and did not return him that evening. Whitely subsequently went to see him about it and appellant told him he was below the town of Edna in a pasture; that appellant refused to tell him in what pasture he placed the horse. Appellant's version of the matter is that he and Whitely discussed the matter of the purchase of the horse, that the horse was very poor, that he was to take him off and fatten him up so he could be fit for work, that he would buy him if he could work him; that he would take him to the pasture so that he might recuperate in flesh and strength. His statement .is at variance with the statement of Whitely as to the conversation between them in regard to the pasture in which he, appellant, placed the horse. Appellant testifies he informed Whitely where the horse was. There was other testimony in regard to the time of returning the horse, and in which appellant should bring him to town and when Whitely was to come after him. Whitely's statement was that appellant was to carry the horse to his house while appellant's was he was to bring him to town. Appellant introduced evidence showing that he had the horse brought to town and Whitely did not come for him, and he turned the horse loose one night thinking he would stay about the place, but the horse returned to the pasture where he had been keeping him; that the horse stayed in that pasture until Whitely recovered him some year or so afterwards; that appellant had no further connection with the horse, but after a month or so, appellant went to Palacios and worked as a hotel waiter, and then went to Runge in Karnes County, where he had been raised and which he claimed as his home; and that a year or so afterwards

the grand jury indicted him and the officers arrested and brought him to Edna for the trial. This is about the substance of the testimony without going into all the details.

It is contended by appellant that this is not a case of embezzlement. We are of opinion the contention is correct. If he had violated any law it was the statute which punishes for conversion of property under bailment. The fiduciary relations of agent and principal is not suggested by the testimony from either or both sides, and we are further of opinion that the evidence does not show a conversion. Appellant never claimed the horse further than is stated that he had placed him in the pasture where the horse remained, except on one occasion when he brought him to town of Edna for Whitely to receive, and his testimony to the effect that the horse was placed in the pasture and remained there all the time is not controverted. Appellant's evidence is corroborated by the man who was in charge of the pasture and the same party who says he brought the horse to town at the request of appellant to be delivered to Whitely.

We are of opinion that the judgment should be reversed and cause remanded and it is accordingly so ordered.

*Reversed and remanded.*